UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KEVIN LEE DIXIE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 1:11-CV-022 JM |
| v. | ) |  |
|  | ) |  |
| DAWN R. GERARDOT and | ) |  |
| JOE FITZGERALD, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Kevin Lee Dixie, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis.* (DE ## 1, 2.) Under the *in forma pauperis* statute, this action must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. A complaint filed *pro se* must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Dixie's complaint is quite difficult to follow, but giving it liberal construction, he asserts that Dawn R. Gerardot, the postmaster in Fort Wayne, Indiana, improperly handled his mail after he relocated and filled out a change of address form.[1] Dixie alleges that he spoke with Gerardot at one of the post offices in Fort Wayne to try to obtain his mail, and she told him to check with another Fort Wayne post office. Apparently that did not resolve the problem. Dixie asserts that at some point he spoke with Gerardot again and she told him "to talk to a[n] Attorney to get mail tooken off a Business Address at 10930 U.S. 24 West Room 103, the Homestead Inn, Fort Wayne . . . and to get Attorney to take mail off of another business Relax Inn 3527 W. Coliseum Blvd Fort Wayne. . . ." (DE # 1 at 2.) Dixie further alleges that a volunteer attorney wrote some letters on his behalf to try to clear up the problem, and on January 14, 2011, he finally received some mail at his new address.

To state a constitutional claim, the plaintiff must allege: (1) that the defendant deprived him of a federal constitutional right; and (2) that the defendant acted under color of state or federal law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The complaint does not make clear, nor can this court discern, how Gerardot's actions

---

[1] Dixie has a lengthy litigation history. *See, e.g., Dixie v. Indiana*, 3:10-CV-083 (N.D. Ind. filed Mar. 12, 2010); *Dixie v. United States*, 3:09-CV-517 (N.D. Ind. filed Nov. 2, 2009); *Dixie v. Fort Wayne Police Dep't*, 1:08-CV-085 (N.D. Ind. filed Apr. 4, 2008); *Dixie v. United States*, 1:00-CV-248 (N.D. Ind. filed June 5, 2000). He previously filed suit in the Southern District of Indiana raising similar allegations about the mishandling of his mail by postal staff in Alexandria, Indiana, but the complaint was dismissed as unintelligible. *See Dixie v. Postmaster*, 1:09-CV-675 (S.D. Ind. filed May 26, 2009).

implicated Dixie's constitutional rights. While censorship of the mail based on its *content* could implicate the First Amendment, *see Lamont v. Postmaster Gen.*, 381 U.S. 301 (1965), that is not what Dixie alleges. At most he alleges that Gerardot or her staff mishandled his mail after he changed addresses, causing a temporary disruption of his mail. These events do not implicate the Constitution. *See Sandage v. Bd. of Commr's of Vanderburgh County*, 548 F.3d 595, 596 (7th Cir. 2008) ("The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services . . . "). Furthermore, a constitutional claim does not arise from a deprivation caused by a government actor's negligent conduct, and Dixie has not alleged any intentional conduct on Gerardot's part.[2] *See Daniels v. Williams*, 474 U.S. 327 (1986). Accordingly, Dixie has failed to state a claim against Gerardot.

Dixie also names his landlord, Joe Fitzgerald, as a defendant. He alleges that Fitzgerald "keep[s] trying to investigate [Dixie's] personal and general activities." (DE # 1 at 4.) He believes Fitzgerald may have taken some of his mail, which he later put back in his mailbox, and may also be following him. (*Id.* at 4-5.) Dixie does not allege, nor can it be plausibly inferred, that Fitzgerald was acting under color of state law in connection with these events. As the Seventh Circuit has explained:

---

[2] Although the Federal Tort Claims Act ("FTCA") provides a potential remedy for negligent deprivations caused by federal employees, there is no remedy available here because the FTCA specifically excludes "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

3

> When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law. This requirement is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law.

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). Though there are limited circumstances in which a private party will be deemed to be acting under color of state law, this complaint presents no such allegations. *See id.* Rather, it merely alleges a dispute between two private citizens. Thus, Dixie has not alleged a plausible claim against Fitzgerald under 42 U.S.C. § 1983.

To the extent Dixie is attempting to allege some claim against Fitzgerald based on state law, he does not allege, nor can it be plausibly inferred from the complaint, that diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a). It is apparent from the complaint that Dixie and Fitzgerald both live in Indiana, and there is no basis to conclude that Dixie suffered in excess of $75,000 in damages as a result of Fitzgerald's actions. Accordingly, the claim against Fitzgerald must be dismissed.

For these reasons, the motion to proceed *in forma pauperis* (DE # 2) is **DENIED** and the complaint (DE # 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Date: February 9, 2011

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT